PEOPLE v HUGHES

Docket No. 84498. Submitted April 25, 1985, at Lansing.—Decided
November 18, 1985. Leave to appeal denied, 424 Mich 903.

Timothy A. Hughes was convicted of first-degree murder, assault
with intent to do great bodily harm less than murder, and
felonious assault following a jury trial in Livingston Circuit
Court, Burt M. Hensick, J. After defendant had been arraigned
on two of the charges, at which time defendant had asked that
counsel be appointed, the police, before counsel had been ap-
pointed, questioned defendant and secured inculpatory state-
ments which resulted in the murder charge. The trial court
ruled that the statements given by defendant were voluntary
because defendant had been advised of, and had waived, his
Fifth Amendment rights and admitted the statements into
evidence at trial. Defendant appealed, raising the question of
whether the statements were properly admitted into evidence.
The Court of Appeals affirmed. Docket No. 59862, decided
September 15, 1983 (Unreported). Defendant sought leave to
appeal to the Supreme Court. The Supreme Court remanded
the matter to the Court of Appeals for reconsideration in light
of *People v Bladel (After Remand)*, 421 Mich 39 (1984). 422
Mich 874 (1985). The Court of Appeals, on remand, *held:*

Since defendant had requested appointment of counsel at his
arraignment on the assault charges, and since it was the police
and not the defendant who initiated the further conversations,
it was a violation of defendant's Sixth Amendement right to
counsel for the police to question defendant without counsel
being present even though defendant had waived his narrower
Fifth Amendment right to counsel. Accordingly, it was error for
the trial court to admit into evidence defendant's postarraign-
ment statements. However, since those statements related only
to the murder charge and the assault with intent to do great
bodily harm charge, only those convictions are reversed.

Affirmed in part, reversed in part, and remanded.

REFERENCES

Am Jur 2d, Criminal Law §§ 433-442, 967-992.

Accused's right to assistance of counsel at or prior to arraignment.
5 ALR3d 1269.

CRIMINAL LAW — RIGHT TO COUNSEL — REQUEST AT ARRAIGNMENT —
EVIDENCE — SUPPRESSION OF EVIDENCE.

An accused who has requested counsel at his arraignment may
not thereafter be interrogated by the police until counsel has
been made available unless the accused initiates further com-
munications with the police; any statements resulting from
conversations initiated by the police after counsel has been
requested at the arraignment but before counsel is made avail-
able must be suppressed as evidence.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Frank Del Vero,* Prose-
cuting Attorney, and *Daniel J. Garber, Jr.,* Assis-
tant Prosecuting Attorney, for the people.

*David M. Hartsook,* for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK,
JR. and HOOD, JJ.

R. M. MAHER, P.J. When this case was originally
before this Court, we affirmed defendant's convic-
tions of first-degree murder, MCL 750.316; MSA
28.548, assault with intent to do great bodily harm
less than murder, MCL 750.84; MSA 28.279, and
felonious assault, MCL 750.82; MSA 28.277. Docket
No. 59862, decided September 15, 1983 (Unre-
ported). Defendant sought leave to appeal to the
Supreme Court. In lieu of granting leave to appeal,
the Supreme Court remanded to this Court for
reconsideration of our previous opinion in light of
*People v Bladel (After Remand),* 421 Mich 39; 365
NW2d 56 (1984).

In *People v Bladel, supra,* the Supreme Court
sought to delineate and distinguish the scope of an
individual's Fifth Amendment right to counsel and
Sixth Amendment right to counsel, US Const, Am
V and Am VI. Regarding the Fifth Amendment,
the Supreme Court noted:

"Once an accused invokes his right to have counsel

present during custodial interrogation, the police must refrain from further interrogation until counsel is made available, unless the accused initiates further communications, exchanges or conversations with the police. Neither *Miranda [v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966)] not its progeny limits the Fifth Amendment right to counsel to custodial interrogations conducted prior to arraignment." (Citations omitted.) *Bladel, supra,* p 51.

The Supreme Court then focused on the Sixth Amendment:

"Regardless of whether the accused is in custody or subjected to formal interrogation, the Sixth Amendment right to counsel exists whenever the police attempt to elicit incriminating statements. This right to counsel does not depend upon a request by the accused and courts indulge in every reasonable presumption against waiver." (Citations omitted.) *Bladel, supra,* p 52.

Recognizing, therefore, that the Sixth Amendament right to counsel is broader than the Fifth Amendment right to counsel, the Supreme Court set itself the task of determining wheter a waiver of the Fifth Amendment right to counsel also waives the Sixth Amendment right to counsel. Of relevance to this case, the Supreme Court held that, to satisfy the Sixth Amendment, where an accused requests an attorney at arraignment, no further interrogation of the accused may be conducted until counsel has been made available— unless the accused initiates further communications. *Bladel, supra,* p 66.

Turning to the facts of this case, it is noted that on December 24, 1980, defendant was arraigned in the hospital and, at that time, requested that counsel be appointed to represent him. Counsel was not appointed until January 5, 1981. Nevertheless, later on December 24, 1980, Detective

Smith returned to the hospital and conversed with defendant for over an hour. He again returned on December 29, 1980, and secured a tape-recorded statement from defendant.

We note specifically that on each occasion, Detective Smith took pains to make sure that the requirements of *Miranda* were satisfied. We may surmise, with some confidence, that neither Detective Smith nor the trial court could foretell the nature of the decision in *People v Bladel, supra.*[1] Nevertheless, that decision compels the suppression of the statements of December 24 and 29, 1980. The trial court's failure to so order constitutes reversible error. The statements of December 24 and 29, 1980, implicated defendant on the charges of the first-degree murder of Eleanor Bailey and the assault on Marilyn Creekmore. Therefore, we reverse those convictions and remand for a new trial. Defendant's conviction for the felonious assault on Raymond Grametbauer is affirmed.

Reversed in part and remanded.

[1] We do not necessarily intimate any substantial disagreement with *People v Bladel (After Remand),* 421 Mich 39; 365 NW2d 56 (1984). We merely note the difficulty that law enforcement personnel and lower courts sometimes have in anticipating decisions from higher tribunals.